```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT
```

VERNON J. LEFTRIDGE, JR. et al.,  :
                                  :
    Plaintiffs,                   :
                                  :
    v.                            :    CASE NO. 3:13CV1065(RNC)
                                  :
TAMMIE LYNN GILDEA et al.,        :
                                  :
    Defendants.                   :

### RECOMMENDED RULING OF DISMISSAL

In October 2013, District Judge Robert N. Chatigny granted plaintiff's Motion for Leave to Proceed in forma pauperis and referred the complaint to the undersigned for review. (Doc. #16.)

A.  Standard of Review

The same statute that authorizes the court to grant in forma pauperis status also requires the court to dismiss the action "at any time" if it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.' . . . A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit." Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam) (quoting

Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  An action fails to state a claim to relief if it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).  The court liberally construes a pro se plaintiff's allegations and "must interpret his complaint to raise the strongest arguments it suggests."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

B.  Background

Plaintiff Vernon J. Leftridge, Jr. brings this action pro se on his own behalf and on behalf of his minor child in connection with the litigation of his parental custody rights and support obligations in the state court.  Leftridge names the following as defendants:  Connecticut Supreme Court, Connecticut Department of Social Services, Superior Court Judges Kenneth Shluger and John Boland, Family Support Magistrate Sandra Baird, Guardian Ad Litem Tammy Lynn Gildea, Support Enforcement Officer Teresa Drew, four state assistant attorneys general, four state

court clerks, and several John and Jane Doe court reporters and clerks.[1]

The claims arise out of child custody proceedings in the state court.  In May 2005, the state court awarded joint custody to Leftridge and ordered him to pay $50 per week as child support.  In May 2010, the state Support Enforcement Services moved to open and modify the judgment.  In July 2010, after a hearing, the state court opened the judgment and increased Leftridge's child support obligation to $150 per week. Leftridge filed motions to modify and vacate that decision on the ground that he had not been served with notice of the modification hearing.  In August 2010, the family support magistrate agreed, reinstated the $50 obligation and ordered a new hearing on the state's motion to modify.  Leftridge failed to attend that hearing in September 2010, and the state court increased the support obligation to $150.  Leftridge moved to modify the decision, again on the ground that he had not been served with notice of the hearing.  The state court denied the motion.  While Leftridge's appeal of that denial was pending, Support Enforcement Services filed a contempt citation.  The family support magistrate ordered plaintiff to comply with

---

[1] Leftridge names the individual defendants in both their personal and official capacities.

3

existing orders until his appeal was decided.[2] Leftridge v. Wiggins, No. FA040128908S, 2011 WL 3278591 (Conn. Super. Jul 08, 2011). In June 2012, the Connecticut Appellate Court reversed the $150 support order based on its finding that Leftridge never received notice of the state's motion to open the judgment in May 2010. Leftridge v. Wiggins, 136 Conn. App. 238 (Conn. App. Jun 12, 2012). In April 2013, new evidence surfaced, and Family Support Magistrate Sandra Baird reopened the custody judgment and ordered a new trial. Leftridge v. Wiggins, No. FA040128908S, 2013 WL 1867049 (Conn. Super. Apr 17, 2013).

Leftridge filed the pending 42-page civil rights Complaint (doc. #1) in July 2013. He makes the following allegations. Guardian Ad Litem Tammie Lynn Gildea inadequately represented his minor child in 2005, failed to prevent the child from living in an emotionally abusive situation and refuses to disclose records to Leftridge. Deputy Chief Clerk David Gage threatened him. Support Enforcement Officer Teresa Drew interfered in his parental custody rights, conspired to "kidnap" his minor son,

---

[2] In January 2012, Leftridge sued Support Enforcement Services and the Department of Social Services in federal court claiming violations of his civil rights in connection with the garnishment of his federal tax returns. The court granted defendants' Motion to Dismiss citing the Rooker-Feldman doctrine, abstention, sovereign immunity, judicial immunity, quasi-judicial immunity, and failure to state a claim. Leftridge v. Support Enforcement Services, No. 3:12CV150(WWE), 2013 WL 1947174 (D. Conn. May 03, 2013).

and filed contempt and capias applications as a pretext for racial harassment.  Some of the defendants induced the minor child and the child's mother to avoid Leftridge and to prevent Leftridge from seeing the child.  The state court judges and family support magistrate illegally opened the 2005 judgment. Court personnel concealed, withheld, falsified and destroyed court records.

Leftridge claims violations of his rights to due process and equal protection and interference with parental rights.  He claims that the state joint custody laws are unconstitutional as applied by the defendant judges.  He seeks injunctions prohibiting state court personnel from tampering with the record, requiring them to disclose audio recordings and transcripts, ordering state court judges to investigate record-tampering and requiring Gildea to make an accounting of her representation of the interests of the minor child.  He asks this court to refer responsible parties for criminal prosecution.  He also seeks monetary damages, fees and costs.

    C.  Discussion

        1.  Sovereign Immunity

Leftridge cannot proceed on his claims against the Connecticut Supreme Court and the Department of Social Services or his claims for monetary damages against defendants in their official capacities.  "The Eleventh Amendment to the United

States Constitution bars a suit in federal court against a state or one of its agencies for either legal or equitable relief unless the state explicitly consents to suit or Congress explicitly abrogated state immunity." Garris v. Dept. of Corrections, 170 F. Supp. 2d 182, 186 (D. Conn. 2001) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984)).  Eleventh Amendment immunity extends to claims for monetary damages against state officials in their official capacities.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 67-71 (1989).  See also Leftridge v. Support Enforcement Services, No. 3:12CV150(WWE), 2013 WL 1947174, at *3, *6 (D. Conn. May 03, 2013).

    2.  Judicial Immunity

Judges are entitled to absolute judicial immunity for actions performed in their judicial capacities and not in the clear absence of all jurisdiction.  Rogue v. Iannotti, No. 3:11CV2000(SRU), 2012 WL 3939922, at *1 (D. Conn. Sep. 10, 2012) (citing Mireles v. Waco, 502 U.S. 9, 11 (1991)); see also Leftridge v. Support Enforcement Services, No. 3:12CV150(WWE), 2013 WL 1947174, at *6 (D. Conn. May 03, 2013).  Plaintiff cannot proceed on his claims against Judge Shluger, Judge Boland and Magistrate Baird.  See Inkel v. Bush, No. 3:04CV69(JBA), 2004 WL 2381747, at *8 (D. Conn. Oct. 19, 2004) (applying absolute judicial immunity to state family support magistrate).

6

3.  Quasi-Judicial Immunity

Leftridge's claims against Support Enforcement Officer Teresa Drew and his claims of inadequate representation and failure to protect against Guardian Ad Litem Gildea are barred by quasi-judicial immunity.  The absolute immunity accorded to judges extends to a private actor whose "role is functionally comparable to that of a judge" or whose "acts are integrally related to an ongoing judicial proceeding." Mitchell v. Fishbein, 377 F.3d 157, 172-73 (2d Cir. 2004) (internal citations and quotation marks omitted).  This quasi-judicial immunity applies to federal claims in federal court. Gross v. Rell, 585 F.3d 72, 81 (2d Cir. 2009).  It protects guardians ad litem in child custody proceedings,[3] Wilson v. Wilson-Polson, No. 09 CIV. 9810 (PGG), 2010 WL 3733935, at *7 (S.D.N.Y. Sept. 23, 2010) (collecting cases), and support enforcement officers in their performance of official duties integral to the judicial process, Leftridge v. Support Enforcement Services, No. 3:12CV150(WWE), 2013 WL 1947174, at *6 (D. Conn. May 03, 2013).[4]

---

[3] Quasi-judicial immunity also applies to state law claims against guardians ad litem. Carrubba v. Moskowitz, 274 Conn. 533, 543 (2005) (possibility of removal by the court or professional discipline are sufficient safeguards against guardian ad litem misconduct).

[4] Court clerks are another group that often enjoy quasi-judicial immunity.  See Bliven v. Hunt, No. 05-CV-4852 (SJF/LB), 2005 WL 3409620, *2 (E.D.N.Y. Dec. 12, 2005) (court clerks immune for "discretionary acts that implement judicial decisions

7

4. <u>Prosecutorial Immunity</u>

Leftridge's claims against the state assistant attorneys general based on their prosecution of the case and preparation thereof are barred by absolute immunity.  See <u>Leftridge v. Support Enforcement Services</u>, No. 3:12CV150(WWE), 2013 WL 1947174, at *6 (D. Conn. May 03, 2013); <u>Mangiafico v. Blumenthal</u>, 358 F. Supp. 2d 6, 22 (D. Conn. 2005) ("[c]ourts have consistently afforded absolute immunity to a government attorney's decision whether or not to initiate a criminal or civil litigation").

5. <u>Remaining Claims</u>

Leftridge brings three claims that are not precluded by immunity, namely, that the state joint custody laws are unconstitutional as applied to him, that Guardian Ad Litem Gildea failed to disclose materials at his request, and that court personnel violated his right to due process by concealing, withholding, falsifying and destroying court records.  However, these claims should be dismissed for other reasons.

---

or that are performed at the discretion or under the supervision of a judge"); <u>Humphrey v. Court Clerk for the Second Circuit</u>, No. 5:08CV0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008) (court clerks immune for "functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court").  But court clerks are not immune from suit for tampering with court records because that is a "purely ministerial act."  <u>Kane v. Yung Won Han</u>, 550 F. Supp. 120, 123 (E.D.N.Y. 1982).

a. Rooker-Feldman Doctrine

The court construes plaintiff's claim that the state court unconstitutionally applied the state custody statutes as an invitation to overrule the state court's 2005 and 2010 judgments regarding child custody and support.  This court lacks jurisdiction to do so.  Under the Rooker-Feldman doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 84 (2005).  It applies where the plaintiff (1) lost in state court, (2) complains of injuries caused by a state court judgment and (3) invites district court review and rejection of the judgment that (4) was rendered before the district court proceedings commenced.  Id. at 85.  "A federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." Id. at 88.  Because the present circumstances satisfy the Rooker-Feldman conditions, see Leftridge v. Support Enforcement Services, No. 3:12CV150(WWE), 2013 WL 1947174, at *1-2 (D. Conn. May 03, 2013), this court lacks jurisdiction to reassess or prevent enforcement of the state court's 2005 and 2010 judgments.

9

      b.   <u>Abstention</u>

Next, under principles of comity and federalism, the court should abstain at present from assessing whether Leftridge has been afforded due process in the ongoing child custody proceedings. The state's public website indicates that plaintiff has appeals pending before the Connecticut Appellate Court in the custody case. The abstention doctrine, as established in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), "generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." <u>Diamond "D" Constr. Corp. v. McGowan</u>, 282 F.3d 191, 198 (2d Cir. 2002). Abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims. <u>Id.</u> This court determined in related litigation that these conditions were met with respect to Leftridge's ongoing child custody proceedings. <u>See Leftridge v. Support Enforcement Services</u>, No. 3:12CV150(WWE), 2013 WL 1947174, at *2 (D. Conn. May 03, 2013). The court also determined that the narrow exceptions to abstention do not apply in the present circumstances. <u>See id.</u> at *2-3 ("[Leftridge] has not established that he has no state remedy available or that he

10

will suffer great harm without federal court intervention, particularly in light of his proven ability to prevail at the state appellate court.")  Leftridge should not be permitted to proceed at this time on his due process claims, including his allegation that court personnel tampered with the record.

      c.   Failure to State a Claim

Finally, although the state court has held that the notes and materials prepared by a guardian ad litem are not protected by the attorney-client or work product privileges, Linnell v. Linnell, No. FA064010515, 2010 WL 1224368, 49 Conn. L. Rptr. 386 (Conn. Super. Feb. 16, 2010), defendant Gildea's alleged refusal to disclose her file to plaintiff does not give rise to a federal cause of action.

D.  Conclusion

For the foregoing reasons, the court recommends that the Complaint (doc. #1) be DISMISSED.  Because plaintiff brings this case pro se, the court may grant him an opportunity to amend his pleading by a date to be set by the district judge.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of

Connecticut; <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate review.  <u>Small v. Sec'y of Health and Human Serv.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

    SO ORDERED at Hartford, Connecticut this 28th day of October, 2013.

```
                         _____/s/_____
                         Donna F. Martinez
                         United States Magistrate Judge
```