UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VERNON J. LEFTRIDGE, JR.,

And   J.L. (MINOR CHILD)
*Plaintiffs,*

: CIVIL RIGHTS CASE DOCKET

VS.

: NO. 3:13cv1065(RNC)

TAMMIE GILDEA, ET AL
*Defendants.*

: October 31, 2013

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MAGISTRATE RECOMMENDED RULING OF DISMISSAL
## REQUEST REVIEW AND EVIDENTRY/EMERGENCY HEARING

Pursuant to 28 U.S.C. 636 (b)(1)(A), Federal Rules Civil Procedure 6(a), 6(d) & 72; 72 (a), D. Connecticut Local Civil Rules 72.2, We, the IFP pro se plaintiffs Vernon J. Leftridge, Jr. and plaintiff minor-child J.L. (hereinafter "Plaintiff" or "Plaintiffs") moves the court not to dismiss action due to errors in the recommended ruling which, is based on falsified documents and tampered materials submitted in other cases by the state defendant attorney Daniel Schaefer and therefore should not be given any weight. Plaintiffs hereby submits their memorandum in opposition to Honorable Donna F. Martinez "RECOMMENDED RULING OF DISMISSAL" dated 10/28/13 {docket entry 19} without prejudice to amending complaint and states the following:

A)    The plaintiffs Complaint not only is with merit and meets but exceeds the pro se liberal standards governing the form of a IFP pro se complaint contemplated by precedence and Federal Rules of Civil Procedures, which, this Honorable Court has jurisdiction in this matter, and the Complaint sufficiently alleges harm, damages, relief, civil rights violations pursuant to 42 U.S.C. 1983, violations of Fourth Amendment of U.S. Constitution to be free from an unreasonable seizure and detention of plaintiffs property including seizure to pay defendants for Sean Jenkins child that "is not" the plaintiff Vernon J. Leftridge, Jr. child that defendant Jennifer Aguilar (Assistant Attorney General) established paternity and defendant Department of Social Services and Support Enforcement is prosecuting a present state court case {Conn. State Norwich Superior Court Case No. KNO-FA11-4115377-S, Kenisha Wiggins vs. Sean Jenkins} on behalf of Kenisha Wiggins who the petitioner/plaintiff against the Respondent/defendant Sean Jenkins (See Exhibit A.) Plaintiffs also brings claims for violations of their due process rights, invasion of plaintiff family structure/castle, privacy violations, defamation claims and violation of state laws and claims of unlawful state interferences, conspiracy, falsified documents by defendants, fraud by defendants, bad faith by defendants, tampering, harassment and theft of private property including violations of Connecticut Common Law, violation Connecticut General Statues 52-564 and 46b-56a(a), and Conn. Gen.

Stat. 1-79, etc., which, plaintiff has claimed supplemental jurisdiction, which this court can hear claims arising out of state law and pendent jurisdiction. Accordingly, the plaintiffs strongly opposes any dismissal in the recommend ruling to dismiss without prejudice and should be denied for erroneous view of the true facts, record and errors including the falsified documents, tampered documents, bad faith and fraud organized by defendants that obstructed justice and impeded on a federal process for unreasonable/unfair gain. THEREFORE dismissal should not be granted or recommended for these reasons alone including the following reasons:

1. The Honorable District Court Judge Robert N. Chatigny granted plaintiff's Motion for Leave to Proceed in forma pauperis and "only" referred the plaintiffs pro se complaint to the Honorable Judge Donna Martinez to determine the sufficiency and not any ruling on the granted IFP motion.
2. Defendants in this action engaged in bad faith, color of law abuses, violations of U.S. Constitution of the 4th, 5th, 9th, 14th amendments, fraud, conspiracy, wilfullful deprivation of plaintiffs rights, egregious due process violations, on-going egregious interferences with plaintiffs due process rights, unjust acts, unlawful omissions, receipt of federal funds, corruption, obstruction of justice, unconstitutional and unlawful conduct are not immune from such relief. Laws and court procedures that are "fair on their faces" but administered "with an evil eye or a heavy hand" violates the Equal Protection Clause of the Fourthteenth Amendment. See Yick Wo v. Hopkins, 118 U.S. 356 (1886); Disobedience or evasion of U.S. Constitutional Mandates in the best interest of the publics interest is never compromised and promoted. See Watson v. City of Memphis, 83. S. Ct. 1314, 375 U.S. 526, 10 L.Ed. 2d(1963);
3. The defendants have egregiously and intentionally deprived the plaintiffs of their property, life and liberty in violations of constitutional mandates. "No person or State can deprive any person of life, liberty, due process or property without due process of law nor deny any person the equal protection of the laws" quoting, Kelson v. Springfield, 767 F.2d. 651 (U.S. Ct. App. 9th Circuit 1985). Lynching and slavery was abolished and is illegal on its face.
4. The plaintiffs are pro se and has filed a timely pro se complaint to the best of their ability in good faith.
5. The plaintiff had move the court to appoint GAL to represent J.L. interest that is unopposed and has not been acted upon its merits which, should have been granted given that plaintiff J.L. is a minor and given that the court has raised "sufficient factual" issues
6. The Honorable Donna Martinez review and background is based on falsified documents, tampered materials and fraud that was deliberately filed in case number 3:12cv150(VJL), which, plaintiff is preparing his pleading to reopen based on fraud by David Gage who submitted these falsified and doctored tampered documents to the Office of Attorney General Office which, the fraud was used in that case to gain an unfair advantage for the two state agencies that were sued for other claims in the official capacity.
7. The background review is erroneous and plaintiffs do not bring this action in

connection to support obligations but, rather in connection to a closed custody matter that went to a **final judgment on May 19, 2005, which, said final judgment** has never been opened by neither parent or the prosecuting plaintiff Vernon J. Leftridge, Jr. who is the legal custodial parent of plaintiff J.L. which, has shockingly been unlawfully and unconstitutionally disturbed and open by the defendants other than the parents plaintiff J.L. or plaintiffs star witness Kenisha Wiggins who will be testifying against the defendants that she "never" asked the defendants to reopen custody and that she is a respondent/defendant that never modified or requested the final 2004 stipulations or May 2005 final judgment be reopened, which, plaintiff will be addressing at the requested hearing with supporting material evidence.

8. The defendants in this case have been named in their personal capacity, individual capacity and official capacities contrary to what page 2 B. "Background" which, is erroneous because the *pro se* complaint clearly identifies the defendants in several different capacities which, is not mention anywhere in the recommended ruling and dismissal can't be granted.
9. Plaintiffs will make every attempt to amend the pro se complaint to the best of their liberal ability and redo the strongest arguments and points to address all of their claims competently and reasonably.
10. In May 2005, which, is May 19, 2005, the court "did not" order plaintiff to pay $50.00 per week, which, is part of a fraud and falsified document that the defendants used to mislead this Honorable Court and Connecticut Appellate Court, which, plaintiff has attached the May 19, 2005 Court transcript to the Memorandum which clearly substantiates what was ordered on May 19, 2005 and the May 3, 2004 custody orders that was continued in light that the David Gage and defendants tampered with the May 3, 2004 orders by two different authors and used whiteout to erase Wednesday overnight to Thursday as ordered by Judge Domnarski in unlawful violation of plaintiffs rights, which, has been attached as evidence to this memorandum.
11. The Rooker-Feldman Doctrine fails in this case because plaintiffs are the state plaintiffs and Legal Custodial Prosecutorial Plaintiff/Petitioners against the "defendant/respondent" Kenisha Wiggins contrary to the Kenisha Wiggins support case against non-custodial respondent parent Sean Jenkins, which, she is having her third child with Sean Jenkins. See attached State case no. KNO-FA11-4115377-S, Kenisha Wiggins v. Sean Jenkins.
12. The defendants in case no. 3:12cv150(WWE) has obstructed justice and has accomplished a mockery by using falsified documents as a cover-up of the bad faith, abuses, violations of the constitutional mandates and unlawful state interferences, which, plaintiffs evidence attached to this memorandum speaks for itself.
13. The parents of plaintiff J.L. did not hire the state nor is the Executive Branch defendants, personal and individual defendants immune from suit on waiver of receipt of federal funding. In fact the state assistant attorney generals are not prosecutors in plaintiff "closed May 19, 2005 custody final judgment" case but, rather injected 2012 "defendants" in "defense" against the "post"

prosecuting legal custodial parent plaintiff prosecutor Vernon J. Leftridge, Jr. and therefore plaintiff objects to paragraph 4 as erroneous.  In light of Judith Brown falsifying a document, plaintiff has attached clear evidence from Attorney Donald Williams, which, substantiates that Judith Brown clearly obstructed justice and fabricated and falsified a document to mislead this Honorable Court for unfair gain as a pretext to cover-up color of law abuses and the mandated constitutional violations complained by the plaintiff in the separate claims federal case against "state agencies" who receives and are recipients of federal funding upon waiver of immunity. Evidence Hearing is requested by the plaintiffs.  See Sharice Green, individually and on behalf of her minor child T.C., Plaintiff-Appellant, v. John B. Mattingly, individually and as Commissioner, Benjamin Williams, individually and as supervisor, Russell Banks, individually and as manager, Danielle Saladino, individually and as caseworker, City of New York, Defendants-Appellees, Docket No. 08-4636-cv (2009).

14. The abundance of intentional several tampering with courts documents by the identified individual defendants tampering with closed court files, court transcripts and court records strip these defendants from any immunity because of the organized unlawful omissions and ministerial acts in violation of mandated constitutional provisions, state and federal laws. Therefore the court reporter and clerk defendants are not immune when there actions are unclean, in bad faith and engaging in "purely ministerial acts". See Kane v. Yung Won Han, 550 F. Supp. 120, 123(E.D.N.Y. 1982); "State cannot choose means which unnecessarily burden or restrict constitutionally protected activity" quoting Dunn v. Blumstein, 92 S. Ct. 995, 405 U.S. 330 (1972).

15. The actions of the defendants are mafia style oppressive governmental practices prohibited by constitutional mandates. U.S.C., Title 42, Section 1983 is clearly mandated that "Every person who, under color of any statue ordinance, regulation, custom, or by usage, of *any* state or territory, subjects or causes to be subjected, *any* citizen of the United States or other person within the jurisdiction thereof to the deprivation of *any* rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. Therefore dismissal of this case is a mistake given the allegations raised in plaintiffs pro se complaint and the on-going deprivations of plaintiff rights which, has continued by the defendants and those who they have involved who has knowledge of the injustices, fraud, falsified materials and intentional continuous injuries being caused by the defendants. Whenever a fraud is organized and perpetrated with unclean hands and a evil eye, the court can not dismiss defendants who have engaged in violation of constitutional mandates.  Therefore, dismissal is erroneous and would be a mistake.  Plaintiffs evidence substantiates some of the frauds and falsified documents used by the defendants to intentionally harm plaintiffs, obstruct and mislead this Honorable Court.

16. The individual defendants who are clothed with judicial hearing duties are not immune from suit when they engage in willfull criminal acts and deprivation of U.S. citizens protected mandated constitutional rights. "Judges have no immunity from prosecution for their judicial acts." See Bradley v. Fisher, U.S. 13 Wall. 335 (1871); see also Pierson v. Ray, 386 U.S. 547 at 567 (1967). The defendants who are cloth as a judge have intentionally and knowingly deprive plaintiffs of our constitutional rights. These defendants were personal and as a minister of their own prejudice against plaintiffs. Therefore, the defendants who are cloth as a judge acted in bad faith and as activist ministers rather than judges. These judges acted in the clear absence of precedence and jurisdiction. Therefore a recommendation of dismissal is a mistake and erroneous.
17. The Defendant Tammie Gildea has not been identified as a evidencing GAL at this time because the defendants have destroyed Tammie Gildea evaluation, pleadings and appearance that was unlawfully destroyed and removed by the defendants and those they involved. Therefore dismissing Tammie Gildea is unwarranted at this time for these stated reasons and for the defendants deliberate tampering and court records to harm plaintiffs. Plaintiff has however, disclose evidence of Attorney Donald Williams 2005 pleading that clearly has his certified certificate of service that identifies clearly the "only" parties and attorneys to plaintiffs state custody case in 2004 and 2005 that went to final orders and final judgment on May 19, 2005.
18. A greater level of protection for pro se plaintiffs who in truth is facing a challenge to the validity of their claims: the defendant(s) is forced to proceed under Rule 12(b)(6) or Rule 56 both of which place great restrictions on the district court's discretion (quoting Williamson v. Tucker, 645 F. 2d 404, 415-16 (5th Cir. 1981). The violations claimed pursuant to Title 42 Section 1983 provides a bases for subject matter jurisdiction of this Honorable Court and claims for relief as which, clearly stated within the plaintiffs pro se complaint.

## SPECIFIC FACTS AND OPPOSITION TO RECOMMENDED RULING

I.   The pro se plaintiffs claims are sufficiently stated liberally and have suffered Injuries in fact.

II.  The defendants who has received notice and served pleadings to defendants have not opposed the plaintiffs pleadings or complaint.

III. The Honorable Judge Donna Martinez has recommended that the plaintiffs file a amended complaint the plaintiffs pro se complaint which, plaintiffs favor other than dismissal which is unfavorable as the plaintiff have stated several jurisdictional facts, claims for relief and have attached supporting evidence that substantiate the validity of some of the plaintiffs claims presented, bad faith and fraud by defendants.

IV.  Court has subject matter jurisdiction & pendent supplemental jurisdiction.

V.  The pro se plaintiffs has alleged actual harm within the complaint and has stated claims within their pro se complaint for which relief can be granted.

VI.  Plaintiff's pro se complaint fully complies with the pleading requirements of Federal Rules of Civil Procedure 8(a) and has provided Defendants fair notice of the charges against them and grounds therefore. Plaintiffs request for discovery, evidence hearing and argument will add further detail later, in fact, much additional supporting factual and confidential evidence is attached to this memorandum.

VII.  Factual material regarding the defendant Department of Social Services relationship with Kenisha Wiggins was provided with plaintiffs motion for permanent orders, restraining order and preliminary injunction pleading, which, plaintiffs have requested a hearing to present more evidence in l light of defendants not filing any opposition after being timely served with said motion via certified mail return receipt.

VIII.  The reversing and entertainment of a already granted IFP motion can't be denied as moot because the Honorable Judge has already VACATED his previous ruling of denial and granted plaintiffs motion to proceed in IFP status, which, the "moot" ruling is erroneous and a jurisdictional question.

IX.  Plaintiffs' injuries will be further redressed by a favorable decision

X.  Plaintiffs' injuries and isolated events are reasonably and fairly traceable to the defendants unconstitutional practices and violations of the plaintiffs civil rights

## FACTUAL BACKGROUND
## PLUS PRESENT AND CONTINUED DEPRIVATION OF PLAINTIFFS RIGHTS

The state court action by Writ and Complaint initiated by the prosecuting legal custodial father factually known as PLAINTIFF/PETITTIONER CUSTODIAL PARENT FATHER VERNON J. LEFTRIDGE, JR. claiming SOLE CUSTODY, which, was decided in plaintiffs favor and was awarded joint custody, shared joint legal custody and a stipulated agreement awarded to the parties that both parents will alternate the tax exempted years to claim said J.L. minor-child son on their taxes alternating years between both biological parents o J.L. as directed by Judge Cynthia Sweinton when requested and stipulated by Attorney Donald Williams in open court on May 19, 2005. The open court stipulation is in effect and was granted on May 19, 2005 by Judge Cynthia Swienton on May 19, 2005 (See May 19, 2005 Transcript). On May 3, 2004, Judge Edward Domnarski awarded custody to plaintiff four days per week overnight including Wednesday overnight to attend Church service with his legal custodial parent father plaintiff Vernon J. Leftridge, Jr. In light of the fraud and falsified documents submitted to this Honorable Court by David Gage; neither biological

parents-parties submitted any financial affidavits to Judge Cynthia Swienton on May 19, 2005 and "no support" was not ordered by Judge Cynthia Sweinton on May 19, 2005, except that both biological parents awarded to alternate the federal and state tax years to claim there "one" and "only" child plaintiff J.L. which, was a FINAL JUDGMENT without trial entered on May 19, 2005 without appeal by any actual appearing party or SELF REPRESENTED RESPONDENT -DEFENDANT BIOLOGICAL MOTHER KENISHA WIGGINS.  The State of Connecticut did not become a appearing party until August 2012, eight years after as a pretext to invade plaintiffs castle and established family castle in a roman empire mafia like way.

On August 27, 2010, a non-appearing state citizen defendants Teresa Drew and David Gage attending a MOTION TO VACATE take-on-the-papers hearing that was organized by David Gage, which, plaintiff had no knowledge that David Gage had scheduled a hearing a mere day later after Gage stated that plaintiff didn't have to come to court on August 27, 2010 and that the non-custodial mother defendant Kenisha Wiggins nor Teresa Drew who never appeared in the case had not filed any 2010 motions ever and that no 2010 orders in the court file and Teresa Drew appearances or pleadings in the court file.  On August 27, 2010, Magistrate Adams vacated his previous order that plaintiff was told by David Gage did not exist in the court file and no filed 2010 pleadings by the respondent/defendant mother Kenisha Wiggins does not exist in the court file on August 24, 2010. Plaintiffs relied on Deputy Chief Court David Gage communication on August 24, 2010 that there were no 2010 orders, no 2010 state appearances via Teresa Drew and no 2010 filed defendant motions or pleadings in the court file as reported by David Gage to Magistrate Adams on August 27, 2010, who granted plaintiffs MOTION TO VACATE because plaintiff "WAS NOT PROPERLY SERVED".  At this same hearing Teresa Drew stated that she would serve custodial plaintiff/petitioner parent/father Vernon J. Leftridge, Jr. at his "P.O. BOX" 747 appearance address of record in Groton, Connecticut, which, has always been plaintiffs appearance address where the state sent all notices and correspondence to the contrary.  Respondent-defendant mother Kenisha Wiggins uses the same federal post office in Groton, Connecticut as her adobe address except a different box number.

On September 27, 2010, Judge Kenneth Shluger violated petitioner-plaintiff custodial parent/father constitutional rights to due process and entered his own personal orders that were REVERSED AND VACATED on June 12, 2012 by the Connecticut Appellate Court Judges without appeal by the respondent/defendant mother Kenisha Wiggins.  Shortly after the appellant-plaintiff won his appeal that was disposed in his favor, plaintiff requested re-imbursement of legal fees and related funds.  Shortly thereafter Sean Kehoe filed an appearance on behalf of the non-custodial respondent/defendant mother Kenisha Wiggins to reopen plaintiffs custody case that went to a FINAL JUDGMENT on May 19, 2005. Sean Kehoe illegally filed an appearance on behalf of a respondent/defendant mother as a pretext to racially harass plaintiff/petitioner custodial parent father Vernon J. Leftridge, Jr. and block the

court from ordering the state and defendants to issues legals, re-imbursement and money returns to the winning Appellant-plaintiff party Vernon J. Leftridge, Jr. In 2012 Judge Shluger failed to sanction Attorney Sean Kehoe pursuant to the res judicata doctrine to the contrary.

On May 19, 2005 Judge Cynthia Sweinton established FULL JURISDICTION (SEE MAY 19, 2005 AUDIO RECORDING FINAL JUDGMENT PRE-TRIAL HEARING) which, nether biological parent appealed the final judgment and stipulations and NEVER REOPENED THE MAY 19, 2005 ESTABLISHED JURISDICTION FINAL CUSTODY JUDGMENT. On August 27, 2010 and June 7, 2011, Teresa Drew and Attorney Caitlin Caldler committed intentional perjury.

On June 12, 2012 the Connecticut Appellate Court Judges discovered that plaintiff "was not properly served" and nether by any state marshal or Teresa Drew. In fact *Teresa Drew did not file any 2010 appearance period until April 15, 2011.* with an motion to modify or any appeal of Magistrate Adams 8/27/2010 orders and no motion to change Judge Cynthia Swieton 2005 orders without trial. On August 9, 2010, parent/mother respondent-defendant Kenisha Wiggins (hereinafter "Respondent") did not file any magistrate appeals in 2012 period of Honorable Magistrate Harris Lifshitz FINAL AUGUST 9, 2012 RULING denying all of her attorney Sean Kehoe pleadings on the FULL MERITS without any timely statutory appeal within the required 14-days. Respondent has failed and has not served any new appearances onto the plaintiffs, which, the court lacks personal and subject matter jurisdiction over the plaintiff-petitioner custodial parent/father Vernon J. Leftridge, Jr. Respondent has not filed a single pleading since the Connecticut Appellate Court reversed and vacated Judge Kenneth Shluger September 27, 2010 rulings on June 12, 2012 in light of Attorney Sean Kehoe violation of res judicata doctrine, exclusionary rule violations, claims preclusion, conflict of interest, fraud, misrepresentations, malicious abuse of process as a pretext for Sean Kehoe to disturb a disposed A.C. 33154 appeal and racially harass the plaintiff/petitioner custodial parent/father Vernon J. Leftridge, Jr. in bad faith. On August 9, 2012, Magistrate Harris L. DENIED all of non-prosecutor defense/defendant Attorney Sean Kehoe motions, which, "were not" filed by the non-custodial mother respondent Kenisha Wiggins or the biological custodial parent/father Vernon J. Leftridge, Jr. However, the Family Magistrate Harris L. denied attorney sean kehoe pleadings in light of Attorney Sean Kehoe desperations to take another bite at the apple (res judicata doctrine applies re: AC 33154 June 12, 2012 Judges rulings) and failures to take "NO" for an answer on August 9, 2012. Magistrate Sandra Baird has continuously entertained the same and similar claims that was already decided by the Connecticut Appellate Court on June 12, 2012 and continues to burden plaintiffs on the same service issue that was disposed on June 12, 2012. On August 9, 2012 the Family Magistrate Harris L. DENIED Attorney Sean Kehoe post motions to open on the merits and motion to modify for insufficient service. The RESPONDENT KENISHA WIGGINS NEVER filed a magistrate appeal of the August 9, 2012 ruling on the merits. The parent

mother defendant/*respondent* mother Kenisha Wiggins didn't file any appeals of Magistrate Harris Lifshitz. August 9, 2012 orders to the contrary.  In light that the respondent did not any magistrate appeal; Attorney Sean Kehoe filed a late magistrate appeal APPEAL 15 ½ days late, which, the trial court and Judge Kenneth Shluger lacked personal and subject matter jurisdiction over the PETITIONER/PLAINTIFF VERNON J. LEFTRIDGE, JR. because it was late. The trial court ignored the mandatory 14 day time limit statue and entertained a late magistrate appeal on October 9, 2012 *that was not filed by* the RESPONDENT KENISHA WIGGINS but rather by Assistant Attorney General Sean Kehoe in bad faith.  PETITIONER/PLAINTIFF VERNON J. LEFTRIDGE, JR. (CUSTODIAL/PARENT FATHER) had asked Judge Kenneth Shluger TO RECUSE AND DISQUALIFY HIMSELF from all of PETITIONER-PLAINTIFF VERNON J. LEFTRIDGE, JR. (CUSTODIAL/PARENT FATHER) cases, which, he has deliberately and intentionally failed to comply to PETITIONER/ PLAINTIFF VERNON J. LEFTRIDGE, JR. (CUSTODIAL/PARENT FATHER) directive for recusal in continued violation of PETITIONER/PLAINTIFF VERNON J. LEFTRIDGE, JR. (CUSTODIAL/PARENT FATHER) rights to due process, which, PETITIONER/PLAINTIFF VERNON J. LEFTRIDGE, JR. (CUSTODIAL/ PARENT FATHER) believes is in retaliation for plaintiff victory before the Connecticut Appellate Court who REVERSED AND VACATED Judge  Shluger rulings without appeal by the respondent/defendant mother Kenisha Wiggins. Judge Shulger on 10/8/2012 lack of jurisdiction over both biological parents to entertain a non-biological parent personal appeal that was out-of-time that wasn't filed by the respondent/defendant mother Kenisha Wiggins.  Plaintiff moved that the court sanction Sean Kehoe pursuant to the res judicata doctrine, which, Judge Kenneth Shluger intentionally ignored and has continued to be prejudice and bias against the PLAINTIFF VERNON J. LEFTRIDGE, JR. (CUSTODIAL/PARENT FATHER) in violation of plaintiffs statutory and constitutional rights. Plaintiff/petitioner provides the primary care, full medical and full dental for said minor-child J.L. and had petitioned the court to make a meaningful and fair ruling on plaintiff/petitioner custodial parent/father Vernon J. Leftridge, Jr. SOLE CUSTODY PLEADING, which, Judge Kenneth Shluger has intentionally failed to disqualify and recuse himself and has ignored plaintiffs sole custody modification of custody, contempt, sanctioning Sean Kehoe pursuant to res judicata, jurisdiction, writ of errors, malicious abuse of process, unconstitutional proceedings and bias against PETITIONER/PLAINTIFF VERNON J. LEFTRIDGE, JR. (CUSTODIAL/PARENT FATHER) in violation of plaintiffs statutory, civil rights and constitutional rights.  David Gage who caused this malicious abuses of processes has involved other public officials, court reporters, Norwich Clerks and Judge Kenneth Shluger. Judge Kenneth Shluger also failed to grant change of venue, arbitrarily denied  PETITIONER-PLAINTIFF VERNON J. LEFTRIDGE, JR. (CUSTODIAL/PARENT FATHER) waiver of fees and has been bias/prejudice against custodial plaintiff.  On October 2012 through June 10, 2013, Kenneth Shluger failed to recuse and disqualify himself from appellants-plaintiffs above action while violating the constitutional rights of

the plaintiffs and entering arbitrary rulings against the plaintiffs in retaliation for having his September 27,2010 ruling vacated. In addition Kenneth Shluger unconstitutional denied a continuance in his personal capacity to annoy and alarm the plaintiffs pre-judicially with race motivated bias. Kenneth Shluger failed to act upon and grant or enter an immediate STAY ORDER while this appeal is pending before this Honorable Supreme Court. The respondent-defendant Kenisha Wiggins is continuing to file pleadings with her bad faith attorney Sean Kehoe to cause plaintiffs irreparable harm.  On June 5, 2013 through July 8, 2013, plaintiffs substantial rights were violated by the trial court including arbitrary decisions and prejudicial erroneous rulings against plaintiffs by Judge Shluger who has failed to disqualify himself as directed by the plaintiff-petitioner custodial parent father Vernon J. Leftridge, Jr.

      On April 15, 2012, the defendant Sandra Sosnoff Baird unlawfully and unconstitutionally reopened the prosecuting legal custodial father plaintiff Vernon J. Leftridge, Jr. post case that was already denied the Attorney General motion to reopen plaintiffs closed case on August 9, 2012 by Magistrate Lifshiz. The defendant Sandra Sosnoff Baird in light of her jurisdiction over the plaintiffs claims in her April 15, 2013 filed "Memorandum of decision", dated April 12, 2012 that the state courts were open on Sunday, August 29, 2010 and that plaintiff was before a court on Sunday, August 29, 2010 and made a representation, which, clearly is untrue because plaintiffs was in church on Sunday, August 29, 2010 and could not have made any representations because all courts in American are closed on Sundays. In fact as discovered and recorded, plaintiff was not before any court in 2010 ever and therefore the defendant lied to egregiously financially harm the plaintiffs in retaliation of the complaints and federal suits filed against the State of Connecticut and against individuals that work at Norwich Superior Court.

      On October 15, 2013, plaintiff appeared at Norwich Superior Court to prosecute all his reclaimed pleadings that were unopposed by the respondent/defendant Kenisha Wiggins and defendant Teresa Drew of Support Enforcement Services who failed to show-up to court after being subpoena and failed to appear when ordered to do so by Judge Susan.  However, Judge John Carbonneau failed to allowed plaintiff to prosecute any of his pleadings, which, on its face is a violation of plaintiffs rights to due process.  On October 15, 2013, plaintiff was told by this Judge that none of his motions are going to be heard in light that the motions were timely scheduled to be heard on October 15, 2013 (See attached evidence).  Judith Brown was also subpoena to testify to magical appearance that was never a part of the court file and how did an appearance appear seven years later that she has never been a party or been involved and to bring all materials and documents that she has ever filed, which, defendant Judith Brown did not bring a single document or material. It is alleged that the defendant Judith Brown obstructed justice that has caused heavy damages on the plaintiffs. On October 15, 2013 the Plaintiff was deprived his right to prosecute his "motion to vacate" defendant Sandra Sosnoff Baird unconstitutional, arbitrary and unlawful decision reissuing an order that was already

VACATED by the Connecticut Appellate Court. Plaintiff continues to be intentionally deprived his rights to prosecute his pleadings in violation of his protected mandated constitutional rights. Plaintiffs pleadings were unopposed and plaintiff had a constitutional right to prosecute his pleadings on October 15, 2013, but, was deprive his constitutional rights to equal protection under federal law and denied his 4th and 14th amendment rights with a evil eye in clear violation of plaintiffs rights to due process. Plaintiff further was coerced into signing a stipulation on October 15, 2013 in order for any of his pleadings to be heard by the trial court, which, is in violation of federal law and in violation of plaintiffs constitutional rights.

  The defendant Sandra Sosnoff Baird put a misdated April 12, 2012 Memorandum of Decision, which, she was never involved with plaintiffs closed post custody case in April 2012. defendant Sandra Sosnoff Baird also falsely states that on Sunday, August 29, 2010, plaintiff made representations to a court in Connecticut. Said evidence is attached to this memorandum, which, is a serious criminal allegation because the defendant falsified court documents, backdating them to cause plaintiffs irreparable harm in deliberate violation of plaintiffs rights. The bottom line and clear evidence attached shows that the defendant Sandra Sosnoff Baird created a legal document, signed it, and dated it for dates that couldn't possibly have been the day she actually did that work, which, is clearly on its face falsification of court records to harm plaintiffs, which, is consistent to defendant Judith Brown signing a bad dated 2004 falsified document also that was used by the Office of Connecticut Assistant Attorney General Daniel Schaefer as fraud upon the federal court for unfair gain and to knowingly mislead the Honorable Judge Holly Fitzsimmons and Honorable Warren Eginton in case number 3:12cv150(WWE). These backdating, tampering with court records and falsifying court records has caused and is costing plaintiffs thousands of dollars. State magistrates and judges are stripped from immunity when they engage in bad faith, unlawful and unconstitutional acts and omissions to harm the public and U.S. Citizens to cover-up corruption and crimes committed by themselves and their colleagues. Altering and falsifying documents and tampering with court files is a criminal offense that has been ignored by the chief states attorney office and Connecticut Attorney General Office. Plaintiff has attached evidence supporting these illegal acts. This Honorable Court should immediately appoint a special investigator, special prosecutor and special masters should be appointed immediately for these reasons. This falsified document has caused plaintiffs egregious financial harm. In light of the defendants falsifying documents, creation of partial court transcripts and intentionally tampering with court records is clearly on its face color of law abuses and violations of federal mandated laws and constitution. How much more legal mafia like lynching should the plaintiffs continue keep on taken? These acts are illegal and intentional to continue harming, damaging, injuring and egregiously to cause the plaintiffs more harm by the defendants and those individuals, state officials and persons that they organized and involved.

## **OBJECTION AND REPLY TO PARAGRAPHS IN RECOMMENDED RULING**

### **Objection to Paragraphs A.**

The Iqbal standard does not require the plaintiffs to rule out any alternative explanation for the defendants civil rights violations, federal law violations and violations of mandated constitutional provisions in order to survive dismissal. Iqbal expressly instruct that pleading "plausibility" does not require demonstrating that a claim is probable and not akin to a probability requirement. Only an evidentiary standard only implicated at trial and after discovery. See Fowler, 578 F.3d at 213 ("a well plead complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely"). Because the plaintiffs are pro se and have made detailed factual and non-conclusory allegations directly attributing bad faith, civil rights violations, mandated constitutional violations, fraud, color of law violations, conspiracy and misconduct by defendants, this Honorable Court need not consider alternative, much less hypothetical, explanations. In the racial, retaliation, discrimination and/or civil rights context, district courts in the Second Circuit do not require pro se plaintiffs to include all of the evidence that suggests that the conduct was a result of racially motivated intentions rather than the byproduct of some legitimate purpose. Instead pro se plaintiffs must simply allege enough facts to nudge a claim into the realm of the plausible. In any event the defendants did not, does not and has not oppose or contested the plaintiffs complaint or any of plaintiffs pending motions and motion for permanent orders which, notice and plaintiffs pending pleadings was served upon Connecticut Attorney General George Jepson and defendant Tammie Gildea. The defendants have destroyed defendant Tammie Gildea pleadings, appearances, recommendations and evaluations, which, dismissing her as a GAL would be erroneous because the state court record reads "no GAL appearing" in light that the record clearly speaks for itself that the court record was tampered with by the unlawful removal of defendant Tammie Gildea materials and appearance. (See attached evidence of Attorney Donald Williams 2005 Motion To Compel Certification of Service).

### **Objection to Paragraphs B.**

Plaintiffs do not bring this action in Connection with any support, because "no support" was not order on May 19, 2005 in light that David Gage and defendants falsified court documents and tampered with court records that lead to intentional fraud upon this Honorable Court. Plaintiff requests this paragraph is set aside to an evidence hearing. (see also May 19, 2005 court reporter transcript). Courts review is erroneous and in-part was based on falsified documents fabricated and falsified to this Honorable Court by defendants and those they involved. The true history and background is in the above forgoing true background and direct evidence attached. Plaintiffs has asks for relief, damages, fees and costs contrary to the court vicarious assessment that no relief has been asked. However, plaintiffs will amend to the best of their ability if

necessary or if necessary immediate appointments are cemented.

### Objection to Paragraphs C.

Sovereign immunity "only" applys to state agencies who "do not" receive any federal funding contrary to state agencies who are recipients of federal resources upon waiver of the 11th amendment immunity, which, the Executive Branch defendant(s) and defendant Department of Social Services has waived immunity and receives federal funding from the U.S. Government. Also waiver can't apply to any defendants being sued in their individual or personal capacities. Therefore plaintiffs objects to paragraph c. in its entirety and requests complete review of paragraph pursuant to precedence and waiver of 11th amendment. The state defendants separately has consented to suit upon receipt of federal funding. THEREFORE, defendants and state defendants don't enjoy the waived 11th amendment and any judicial immunity when it is ministerial as in this action. The state assistant attorney general defendants named are nor prosecutorial and any state case against plaintiff, but rather "uninvited" respondent/defendants that were are not prosecuting anything, but, unconstitutionally defending a non-custodial mother to help her pay for Sean Jenkins minor child. Therefore this assessment of the asst. ag's involved is erroneous on its face and impossible for any defense or defendant to be a prosecutor. Therefore prosecutorial immunity fails and is objected to by plaintiffs. Remaining claims will be proven by direct evidence at hearing as well as the attached direct evidence. As far as the Rooker-Feldman, the 2nd Circuit has defined how it required its name by "defendants who lost in state court". Plaintiff is not a defendant in the state court and was the winning plaintiff on May 19, 2005. (See judicial appellate court web site A.C. 33154) Therefore, rooker-Feldman could not possibly apply to this case when plaintiff is the prosecutor legal custodial plaintiff/petitioner father that won his custody case on 5/19/2005. The child custody proceedings was FINAL ON MAY 19, 2005, and the defendants unlawfully and unconstitutionally have desperately made unlawful attempts to disturb a closed coffin custody proceeding without the parents permission in violation of the mandated constitution and family privacy laws. Plaintiff as the prosecutor didn't ask any state agency to inject themselves. There is no such thing as "on-going" custody proceedings until it has been reopened by the prosecuting plaintiff Vernon J. Leftridge. Tammie Gildea claims should be set aside until after evidence hearing.

### APPOINTMENT OF COUNSEL, APPOINTMENT OF GUARDIAN AD LITEM AND THE GRANTED MOTION TO PROCEED INFORMA PAUPERIS

We, the IFP pro se plaintiffs Vernon J. Leftridge, Jr. and plaintiff minor-child J.L. (hereinafter "Plaintiff" or "Plaintiffs") had respectfully requested this Honorable Court to appoint counsel and a guardian ad litem to represent minor child plaintiff J.L. in this civil rights action under the federal GAL laws including provisions of in forma pauperis (IFP"), all applicable Federal Rules Civil Procedures, Connecticut General

11. Plaintiff-appellant Vernon J. Leftridge, Jr. was successful on the merits before the 2nd Circuit Court in his appeal against Jeffrey Bourgois and the Connecticut State Police case no. 3:07cv1166(VLB), which, is still pending before this Honorable Court when plaintiff has the resources to complete discovery, since the state attorney generals office will not inspect the documents that have been made available to them to inspect.

## ARGUMENT FOR OBJECTING TO AND DISMISSAL AND EVALUATING EXCEPTIONAL CIRCUMSTANCES

The three factors most commonly considered when determining whether exceptional circumstances exist are 1) the complexity of the and case, 2) the ability of the minor child and plaintiffs to investigate their case, tampered evidence, defects, errors and 3) the plaintiff's ability to present their case at all hearings before the U.S. District Court, 4) the defendants intentionally has committed intentional fraud upon this Honorable Court and has intentionally and knowingly acted in bad faith, harmed/injured plaintiffs that is and has continue to be unconstitutional, unjust, and unfair on their faces and administered with an hateful evil eye in direct violation of the Equal Protection Clause of the Fourthteenth Amendment and plaintiffs "mandated" constitutional and civil rights and therefore these unlawful, unjust and abusing nature circumstances by defendants against the plaintiffs is exceptional reasons why this Honorable must appoint special masters, GAL and grant plaintiffs "unopposed" motions. Defendants have received notice of the above action and the Connecticut Attorney General George Jepson.

## I PLAINTIFF'S CASE IS COMPLEX WITHIN THE DEFINITION OF THE LEGAL APPELLANT RULES OF THE SECOND CIRCUIT COURT.

Plaintiffs case is very complex, as defined by Federal Rules of the Court, in that: the case is a joinder of remedies; there are large number of separately represented parties; there will be extensive motion practice raising difficult or novel issues that will be time consuming to resolve; there is volumes of errors and defects made by the defendants; unconstitutional and abuse of discretion issues; erroneous review of the record; concealment of materials, personnel bias; there is a substantial amount of documentary evidence; a large number of witnesses; it requires coordination with similar actions pending in the 2nd Circuit Appeals Federal Court, and, it will require substantial pre-judgment and post-judgment judicial supervision.

## II. PLAINTIFF'S ABILITY TO INVESTIGATE THE ITS CASE IS MET WITH BIAS, KIDNAPPING OF MINOR-CHILD, DEFECTS, FRAUD, FALSIFIED BACKDATED DOCUMENTS, FACTUAL ISSUES THAT HAVE BEEN OBSTRUCTED AND IS LIMITED BY PHYSICAL ILLNESS, TERMINAL ILLNESS AND FINANCIAL BURDENS, AND BY HIGHLY UNCOOPERATIVE DEFENDANTS, AND BY THREATS, INTIMIDATION, CORRUPTION, CONSPIRACY, RED FLAGGED STATE GOVERNMENT AGENCIES, HARASSMENT, COERCION AND BRIBES, UNLAWFUL FAMILY CASTLE INTERFEARANCES, CHOAS CAUSED BY

**DEFENDANTS, AND OTHER FORMS OF INTERFERENCE**

The ability to adequately investigate all of the facts and tampering of legal materials and evidently factual issues in this dispute is severely limited by highly uncooperative defendant Tammie Gildea, defendants; and, by state government interferences, burdens, racial harassment, red flagged state government retaliation, retaliation, discrimination and intimidation, including, but not limited to, stalking and harassment; and, through Commonly used coercive tactics by public officials, who began a campaign of arbitrary racial harassment against the plaintiffs since the onset of State of Connecticut kidnapping and interferences on plaintiffs family privacy. Service illegal invasion of plaintiffs awarded May 19, 2005 property, invasion of plaintiff custody tax exempt rewards and other separate federal civil matters;(plaintiffs has been subjected to mental injuries, stress, physical illnesses and unwarranted racial harassment abuse on an ongoing basis by Defendants for nearly three years).

Furthermore, Plaintiffs is suffering from physical injuries, mental injuries, financial burdens, emotional distress and terminal illness that is being compounded by Defendants retaliatory actions. We, the plaintiffs is currently under the care of doctors and plaintiffs has been under lots of emotional stress and anxiety. In addition, plaintiffs are on prescribed medicines and presently under a few other healthcare providers for a pre-existing surgical and medical conditions, where plaintiffs are presently in physical medical treatments, therapy, rehabbing for my serious surgical medical condition.

Finally, plaintiffs have been stricken by egregious financial hardship, due to defendants kidnapping of J.L. and unconstitutional interferences of plaintiffs family privacy, civil rights, and substantial protected rights. Defendants have acted in bad faith in intentional disregard for plaintiffs health, physical disabilities as well as the malicious conduct of all the defendants in this civil rights case. As a consequence, we, the plaintiffs struggle daily to meet our basic needs, and is not sufficiently provisioned for litigating a complex civil rights process on our own. Furthermore, plaintiffs also provides the primary care for both his custodial minor-child son J.L. and brother who is under-employed.

**III. PLAINTIFF'S CAPACITY TO PRESENT THIER CASE AT HEARINGS IS LIMITED BY THE COMPLEX NATURE OF CONSTITUTIONAL LAW.**

We the, plaintiffs lack the financial resources, legal knowledge and the requisite capacity to present our own appeal at hearings because this Constitutional law and civil rights litigation is extremely complex by nature and evolves rapidly; especially, in state government liability cases. Moreover, the applicability of the Civil Rights Act (Title 42 U.S.C.S. § 1983) to some of our Griswold vs. Connecticut doctrine (plaintiff's) allegations are unclear from a layman's perspective.

The appointment of experienced counsel will increase the probability of achieving justice between the parties, and will aid the Court in reaching a fair and equitable determination where errors, defects, Title VI defendants who receives federal funds, difficult legal issues are present, thereby decreasing the expenditure of judicial time and effort. {SEE Knighton v. Watkins (1980, CA5

Miss), the Court in the case reasoned that an attorney may serve both the Court and a plaintiff by eliminating frivolous issues and limiting evidence to relevant issues, thereby shortening trial time. However, this Honorable Court is very aware of opposing counsel unnecessary delay tactics against African American U.S. Citizen pro se litigants

### IV. PLAINTIFF'S HAS MADE REASONABLE EFFORTS TO RETAIN COUNSEL

An civil rights litigant's inability to either retain John R. Williams, Norman Pattis, Cynthia Jennings, Tricia Johnson and requested appointment of GAL and pro bono counsel independently is typical of in forma pauperis proceedings, even in actions seeking substantial damages, such as plaintiff's, which normally would enable a plaintiff to locate an attorney who will accept employment on a contingent fee basis in light that has contacted Attorney John R. Williams law firm, Cynthia Jennings law firm, Richardo Shorter Law Firm and ACLU. Without disputing the premise that counsel should not be appointed when it is likely that a appellant-plaintiff can independently retain an attorney, the court, in **Ulmer v. Chancellor (1982, CA5 Miss) 691 F2d 209,** recognized other factors that hinder a plaintiff's ability to retain independent counsel can be considered when exercising its judicial discretion. Likewise, the IFP pro se Afro-American appellant-plaintiffs receives public assistance and contends that, under the circumstances specific to our appeal, this Appeals Court will find justification for an exception to the "substantial damages" rule, in that, past efforts to obtain relief have resulted in serious bias and reprisals against the plaintiffs and others for making allegations of wrongdoing on the part of defendants in their personal and individual capacities. Some of the defendants also work for state government executive branch agencies who receives Title VI federal funds. As a result, none of the attorneys that plaintiffs has contacted so far would accept this case "only" if plaintiffs produced over $10000.00 plus dollars. As explained above, plaintiff receives federal public assistance and because of the cost to pursue this appeal and for fear of ongoing retaliation by the defendants in this case, and by state courts, emergency appointment is immediately warranted.

### V. ARGUMENTS

### I. THE COURT SHOULD EXERCISE ITS DISCRETION TO APPOINT GUARDIAN AD LITEM, COUNSEL AND/OR PRO BONO COUNSEL.

Assuming that a Plaintiffs has shown financial need, a court may appoint guardian ad litem for minor-child litigants and counsel in a civil rights action under Title 28 U.S.C.S. § 1915 and applicable pendant state law when the interests of justice so require. Courts have often examined three elements in determining whether appointment of counsel is necessary: the likelihood of success on the merits, the complexity of the legal issues involved in the case, and the ability of the plaintiff to present the case in light of its complexity. In light of the complicated issues involved in civil rights cases and Plaintiff's inability to adequately present the case at bar, as well as Plaintiff's likelihood of success on the merits, this Court

should exercise its discretion to appoint counsel under Title 28 U.S.C.S. § 1915.

## II. APPOINTMENT OF COUNSEL IS NECESSARY BECAUSE DISCOVERY OF TAMPERING, KIDNAPPING OF PLAINTIFF MINOR-CHILD SON, ETC..

Some courts have recognized that, in certain circumstances, the appointment of counsel is appropriate in civil rights cases; particularly, if it is necessary for effective utilization of discovery procedures. The defendants have information and documents relevant to Plaintiff's case, which the plaintiffs have been unable to financially afford and obtain by our own efforts. Without the assistance of counsel, the pro se plaintiffs will continue to be unable to effectively file an amended pro se complaint liberally and pursue discovery and, as a result, will not adequately present their claims effectively as a attorney who has the legal expertise to communicate the relief and injuries complained in the plaintiffs pro se complaint. The aid of an attorney is especially important in this case, given my lack of familiarity with the legal procedure involved in requesting and obtaining discovery. Moreover, even if I ere to obtain documents in discovery, and accurate documents due to tampering of records and child kidnapping without the assistance of counsel, we would not be capable of analyzing compromised records and other documents to determine my likelihood of being removed in the foreseeable future.

## III. A EVIDENTIARY, DISCOVERY AND/OR MOTIONS HEARING IS NECESSARY

If the Court is unable to exercise its discretion in favor of plaintiffs (the IFP pro se protected class plaintiffs) based on the egregious financial burdens caused by the defendants, present deprivations, responsibilities, memorandums and pro se papers already filed in other federal matters, we, the IFP pro se plaintiffs respectfully requests that the Court set a date for a evidentiary, discovery and/or motions hearing for us (the IFP plaintiffs) to further plead our case, submit related evidence and present our case as to why a guardian ad litem and appointment of counsel to represent us in the process is necessary.

## VI. CONCLUSION

WHEREFORE for the forgoing reasons We the IFP Pro Se Plaintiffs Vernon J. Leftridge, Jr. and J.L. prays that this Honorable Court set aside recommended ruling, deny any dismissal for erogenous review and grant immediate restraining order and appropriate relief for an emergency appointment of guardian ad litem and counsel, in the interest of justice and interest of advancing the proper administration of justice, we, the IFP protected class Afro-American U.S. citizens pro se plaintiffs requests that this Court appoint counsel immediately to represent us in this appeal, as we clearly have demonstrated the forgoing that exceptional circumstances do exist, and, in particular, the defendants' ongoing and significant custodial child-kidnapping and state government interferences with plaintiffs rights to seek redress for grievances in a court of law, and plaintiffs impossible limited ability to prosecute this appeal single-handedly against a state government who has lots of public tax payer monies and publics tax payer resources to defend the above process without

being burdened in light that plaintiffs are harassed and kidnapped.

**IFP AFRO-AMERICAN PRO SE APPELLANT-PLAINTIFFS**

_____
Vernon J. Leftridge, Jr. & J.L.

## VII. DECLARATION

We, the plaintiff Vernon J. Leftridge, Jr. hereby certify declare under penalties of perjury that:

1. Plaintiffs pays the full dental, medical and surgery bills for his custodial minor child son plaintiff J.L.
2. Plaintiffs can't afford to employ a guardian ad litem.
3. Plaintiffs is suffering egregious financial burdens and planning to file federal bankruptcy because of the egregious financial hardships and egregious burdens caused by defendants.
4. Appellants are unable to pay attorney Cynthia Jennings, Norm Pattis, Ricardo Shorter or John R. Williams Firm for the above civil rights action.
5. Plaintiffs are unable to pay attorney fees, costs, or give security thereof.
6. Plaintiffs are entitled to commence this appeal against the defendants without unnecessary, on-going kidnapping and undue delays.
7. Circumstances warrant appointment of counsel for the claims and relief noticed in plaintiffs complaint.
8. Plaintiffs minor child can't be represented by his biological parents and appointment of a GAL is warranted.
9. Plaintiffs's physical illnesses, physical disabilities, health conditions, and marginal literacy, in context of this very case involving kidnapping, harassment, complex issues of proper treatment for physical illnesses requires GAL and legal assistance in discovery and presentation of claim.
10. Plaintiffs presents exceptional circumstances that warrant GAL and counsel.
11. Plaintiff has shown that he can't do this alone going against attorneys and individuals who uses federal and state public funding.

**IFP AFRO-AMERICAN PRO SE APPELLANT-PLAINTIFFS**

_____
Vernon J. Leftridge, Jr. & J.L.

## CERTIFICATE OF SERVICE

The plaintiff, Vernon J. Leftridge, Jr. hereby certify that a copy of this MOTION was pre-paid mailed on November 8, 2013 to defendant Tammie Gildea and mailed to:

State of Connecticut Attorney General George Jepson Office
Attn.: George Jepson
Po Box 120
Hartford, CT 06106

Respectfully submitted by:

Vernon J. Leftridge, Jr.
73 A. Congress Street
Hartford, CT 06114
Tel: (860) 961-4704